UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME HOYOS,<br><br>                    Petitioner,<br><br>vs.<br><br><br><br>ROBERT K. WONG, Acting Warden of San Quentin State Prison,<br><br>                    Respondent. | CASE NO. 09cv0388 L (NLS)<br><br>*DEATH PENALTY CASE*<br><br>**ORDER:**<br><br>**(1) GRANTING PETITIONER'S MOTION FOR EQUITABLE TOLLING;**<br><br>**(2) GRANTING REQUEST FOR PERMISSION TO FILE A FIRST AMENDED PETITION;**<br><br>**(3) TOLLING THE DEADLINE FOR FILING THE FIRST AMENDED PETITION TO SEPTEMBER 1, 2010; AND**<br><br>**(4) DENYING PETITIONER'S REQUEST FOR AN ORDER PROHIBITING RESPONDENT FROM FILING A RESPONSIVE PLEADING** |

      On January 15, 2010, Petitioner filed a Motion for Equitable Tolling of the Statute of Limitations, a Request for an Order Granting Permission to File a First Amended Petition, and a Request for an Order Prohibiting Respondent from Filing a Responsive Pleading until either September 23, 2010 or the date of the filing of a First Amended Petition, whichever occurs first.  In this Motion, Petitioner asks the Court to toll the statute of limitations for the period between his

request for federal habeas counsel and the appointment of counsel. Therefore, Petitioner seeks to extend the deadline for filing his federal habeas petition from February 18, 2010 to September 23, 2010. Respondent has filed an Opposition, and Petitioner has filed a Reply. The Court heard from the parties at oral argument held on February 12, 2010. For the following reasons, the Court **GRANTS** Petitioner's Motion for Equitable Tolling and for Permission to File a First Amended Petition, **TOLLS** the deadline for filing the First Amended Petition to September 1, 2010, and **DENIES** Petitioner's Request for an Order Prohibiting Respondent from Filing a Responsive Pleading to the Protective Petition.

## I. PROCEDURAL HISTORY

Petitioner Jaime Hoyos and co-defendant Emilio Alvarado were charged with two counts of first-degree murder and one count of attempted murder in the deaths of Daniel and Mary Magoon and the wounding of their 3 year old son J. They were also charged with conspiracy to commit robbery, first degree robbery, burglary, grand theft of a firearm, and transporting more than 28.5 grams of marijuana. Petitioner and Alvarado were tried together.

After a guilt phase trial, Petitioner and Alvarado were convicted on two counts of first-degree murder (California Penal Code § 187) and acquitted of attempted murder but convicted of the lesser included offense of assault with a firearm (Cal. Penal Code §§ 664, 187, 245 (a)(2)). Petitioner and Alvarado were also convicted of conspiracy to commit robbery (Cal. Penal Code §§ 211, 182.1), first degree robbery (Cal. Penal Code § 211), burglary (Cal. Penal Code § 459), grand theft of a firearm (Cal. Penal Code §487.3), and transporting more than 28.5 grams of marijuana (California Health and Safety Code § 11360(a)).

The jury found that Petitioner and Alvarado used a firearm in the commission of the murder (Cal. Penal Code § 12022.5). The jury also found true the special circumstance allegations that the murder was committed during the course of a robbery and burglary (Cal. Penal Code § 190.2(a)(17), and multiple murder (Cal. Penal Code § 190.2(a)(3)). Before the penalty phase, the trial court denied Petitioner's motion for a new trial, but granted Alvarado's. Alvarado later pled guilty and was sentenced to life without the possibility of parole.

After the penalty phase, the jury returned a sentence of life without the possibility of parole in the murder of Daniel Magoon, and a verdict of death in the murder of Mary Magoon. On July 11, 1994, the trial court denied Petitioner's motions for a new trial and for modification of the verdict, and sentenced him to death.

On automatic appeal (hereinafter "direct appeal") of this conviction and judgment to the California Supreme Court, Petitioner filed an opening brief on October 17, 2003, raising sixteen (16) claims for relief. Petitioner also filed a reply brief on March 16, 2006. The California Supreme Court affirmed Petitioner's conviction and sentence in a decision issued on July 23, 2007. People v. Hoyos, 41 Cal. 4th 872 (2007). On February 19, 2008, the Supreme Court of the United States denied his petition for a writ of certiorari.

On September 11, 2006, while his direct appeal was pending, Petitioner filed a habeas petition with the California Supreme Court, raising eighteen (18) claims for relief. Petitioner also filed a reply brief on July 11, 2008. The petition was denied on February 18, 2009, without an evidentiary hearing.

On February 26, 2009, Petitioner filed motions for the appointment of counsel and for a stay of execution with this Court. On March 6, 2009, the Court granted Petitioner's motions and referred the matter to the Selection Board for the suggestion of one or more attorneys to represent Petitioner on federal habeas review. On April 13, 2009 and July 14, 2009, the Court granted extensions of the stay of execution to allow the Selection Board additional time to locate and recommend counsel for appointment.

The Selection Board sent a letter to the Court on September 15, 2009, recommending the appointment of Mr. Multhaup and Mr. Adams. On October 1, 2009, the Court held a pre-appointment conference with prospective counsel and representatives from the Attorney General's office. After also holding an ex parte pre-appointment budgeting conference, the Court appointed Mr. Multhaup and Mr. Adams as counsel on October 2, 2009.

On January 15, 2010, Petitioner filed the instant Motion for equitable tolling. Respondent filed an opposition on January 28, 2010, and Petitioner filed a reply on February 5, 2010.

///

///

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(d)(1), as added by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state court prisoner has one-year to seek federal habeas corpus relief from a state court judgment. In most cases, this time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244 (d)(1)(A). However, the AEDPA allows that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted towards any period of limitation under this subsection." 28 U.S.C. § 2254(d)(2).

The Supreme Court has never explicitly determined whether AEDPA allows for equitable tolling. Lawrence v. Florida, 549 U.S. 327 (2007). However, the Ninth Circuit has firmly held that AEDPA's one year statute of limitations is non-jurisdictional, and therefore subject to equitable tolling. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 212 (2003); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 n. 8 (2005) (in which the Supreme Court assumed, without deciding, that the statute of limitations set forth under AEDPA could be equitably tolled).

In Pace, the Supreme Court held that if a court were to grant equitable tolling to a habeas petitioner, it must be satisfied that the petitioner "has been pursuing his rights diligently," and that "some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. The Ninth Circuit has held that equitable tolling is "unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). This is because a habeas petitioner is required to meet a high threshold to warrant equitable tolling. See Miranda v. Castro, 292 F.3d 1063 (9th Cir. 2002) ("[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citation omitted). Moreover, a court's decision on whether to apply the equitable tolling doctrine "is 'highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is

appropriate.'" Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted).

The Ninth Circuit has found equitable tolling available in a number of different situations. In Beeler, a capital habeas corpus case, the Ninth Circuit held that the statute was equitably tolled when the petitioner's lead attorney moved out of the state, which was outside the control of the petitioner, and made it impossible for the replacement attorney to file a petition within the statutory limits.[1] See Beeler, 128 F.3d at 1288. In Kelly, another capital habeas case, the Ninth Circuit held that a habeas petitioner's mental incompetency constituted an "extraordinary circumstance beyond the prisoner's control" because the petitioner was unable to assist counsel in preparing his habeas petition. See Kelly, 163 F.3d 530.

### III. DISCUSSION

Petitioner contends that he is entitled to 217 days of equitable tolling, based primarily on his assertion that counsel was not able to begin the preparation of a federal petition in his case until their appointment, which came over seven months after Petitioner's request for federal habeas counsel. In opposition to Petitioner's motion, Respondent argues that recent Supreme Court decisions are inconsistent with a conclusion that equitable tolling is available in a § 2254 proceeding, and even if equitable tolling were available, Petitioner is not entitled to it in this case.

Respondent argues that recent Supreme Court decisions are inconsistent with the Ninth Circuit's decision in Beeler, instruct that a statutory limitation period should be enforced as it was written, and dictate that an untimely filing under a rule created by statute deprives a court of jurisdiction over the matter. See Jiminez v. Quarterman, ___ U.S. ___, 129 S.Ct. 681, 686 (2009) (non-capital habeas case in which Supreme Court held that when a state court granted a criminal defendant the right to file a out-of-time appeal, it reset the date upon which his conviction became final under AEDPA, emphasizing that "[o]ur decision today is a narrow one" ); see also Bowles v. Russell, 551 U.S. 205 (2007) (non-capital habeas case in which Supreme Court held that it would no

---

[1] In Frye v. Hickman, the Ninth Circuit distinguished capital cases from non-capital cases, explaining that in capital habeas cases, an indigent petitioner has a statutory right to counsel, and therefore the "dereliction of his appointed counsel made it impossible for the petitioner to file the petition he was statutorily entitled to file." Frye, 273 F.3d 1144, 1146 (9th Cir. 2001).

longer recognize the "unique circumstances" exception to excuse a petitioner's untimely filing of a notice of appeal under 28 U.S.C. § 2107).

These decisions, while bearing a cursory resemblance to the habeas limitations period at issue in <u>Beeler</u>, do not compel a conclusion that equitable tolling is unavailable under AEDPA. In fact, the Second Circuit has specifically considered and rejected the contention that <u>Bowles</u> applies to the AEDPA. <u>See</u> <u>Diaz v. Kelly</u>, 515 F.3d 149, 153-54 (2nd Cir. 2008). The circuit court reasoned that "it would be an unwarranted extension of <u>Bowles</u> to think that the Court was impliedly rendering equitable tolling inapplicable to limitations periods just because they are set forth in statutes." <u>Id.</u>, 515 F.3d at 153. In so concluding, the circuit court cited another recent decision of the Supreme Court in which the Court stated that "the law typically treats a limitations defense as an affirmative defense. . .[and]. . .[s]uch statutes also typically permit courts to toll the limitations period in light of special equitable considerations." <u>John R. Sand and Gravel Company v. United States</u>, 552 U.S. 130, 133 (2008). The Ninth Circuit also has recently addressed this issue and reached a similar result, concluding that "<u>Bowles</u> did not invalidate equitable tolling of the AEDPA statute of limitations." <u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008, 1011 (9th Cir. 2009). Moreover, the Ninth Circuit has reaffirmed its application of equitable tolling to habeas matters several times since the issuance of <u>Bowles</u> and <u>Jiminez</u>. <u>See e.g.</u>, <u>Townsend v. Knowles</u>, 562 F.3d 1200, 1205 (9th Cir. 2009); <u>Randle v. Crawford</u>, 578 F.3d 1177, 1186 (9th Cir. 2009). Thus, in the absence of any Supreme Court decision conclusively overruling <u>Beeler</u>, this Court is constrained to apply clearly articulated Ninth Circuit precedent. The Court therefore concludes that equitable tolling is available under AEDPA.

While the Court concludes that equitable tolling is available under section 2244(d)(1), the question remains whether it is an appropriate measure in this particular case. The Supreme Court held that if a court were to grant equitable tolling to a habeas petitioner, it must be satisfied that the petitioner "has been pursuing his rights diligently," and that "some extraordinary circumstance stood in his way." <u>Pace</u>, 544 U.S. at 418.

The record demonstrates that Petitioner, through no fault of his own, was without counsel to assist him in preparing his federal habeas petition for over seven months after his request for appointment of counsel, which undoubtedly hindered his ability to file a prompt habeas petition.

Petitioner filed a motion for the appointment of counsel eight days after the denial of his state habeas petition, and shortly thereafter, the Court granted Petitioner's motion, referring the matter to the district's selection board for the recommendation of counsel. As recounted in section I, *supra*, counsel was appointed to Petitioner's case 217 days after his request was made.

Other district courts in California have considered this issue, and several have held that a lengthy delay in appointing qualified counsel to a capital habeas case which is completely beyond the control of a petitioner, constitutes the "extraordinary circumstances" required to qualify for equitable tolling of the AEDPA period of limitations. See e.g., San Nicolas v. Ayers, No. 1:06-cv-00942-LJO, 2007 WL 763221, at *6 (E.D.Cal. March 9, 2007) (equitable tolling granted due to a 188 day delay in appointing counsel, which made "the filing of a comprehensive habeas petition within the limitations period impossible"); Fairbank v. Woodford, No. 98-1027 CRB (N.D.Cal. Sept. 28, 1999) (order granting equitable tolling) (equitable tolling available where federal habeas counsel was appointed 20 days before the one-year deadline); but see Dennis v. Woodford, 65 F.Supp.2d 1093 (N.D.Cal. 1999) (denying petitioner's motion for equitable tolling without prejudice and holding that a seven-month delay in the appointment of counsel did not, standing alone, warrant equitable tolling in the absence of a specific factual showing that newly appointed counsel was unable to prepare a timely federal petition in the time remaining).[2] In addition, the Southern District has previously granted equitable tolling in a capital habeas case based largely on delays in the appointment of federal habeas counsel. See Samayoa v. Hickman, No. 00-cv-02118 W-AJB (S.D.Cal. October 5, 2001) (order granting equitable tolling) (equitable tolling available in part on the court's inability to appoint counsel until four months after commencement of habeas proceeding, where the court stated that the impact of the court's own delay "is magnified by the case's complicated legal nature; counsel's assistance is crucial in capital cases, particularly in the preparation of a thorough and well researched habeas petition.")

---

[2] The above-cited opinion was issued on September 16, 1999. On November 8, 1999, the Court granted the petitioner's motion for equitable tolling, based on counsel's "more thorough estimation as to the how much time he would need to research and file an adequate habeas petition." Dennis v. Woodford, No. 98-21027-JF at *1 (N.D.Cal. Nov. 8, 1999) (order granting motion for equitable tolling).

1    Moreover, it is well established that a capital habeas petitioner is statutorily entitled to the
2 appointment of one or more attorneys to assist him in the development and preparation of his federal
3 habeas petition. See Kelly, 163 F.3d at 541; see also McFarland v. Scott, 512 U.S. 849, 859 (1994)
4 (in which the Supreme Court held that in establishing 21 U.S.C. § 848(q), which "provid[ed] indigent
5 capital defendants with a mandatory right to qualified legal counsel in these [habeas] proceedings,
6 Congress has recognized that federal habeas corpus has a particularly important role to play in
7 promoting fundamental fairness in the imposition of the death penalty."); see also 18 U.S.C. § 3599.[3]
8 In McFarland, the Supreme Court also stated that "the right to counsel necessarily includes a right for
9 that counsel meaningfully to research and present a defendant's habeas claims." McFarland, 512 U.S.
10 at 858. Thus, exceptional circumstances exist in this case arising from the 217 day delay in appointing
11 counsel.

12    The Court also finds that Petitioner has been diligent in pursuing his rights in this case.
13 Petitioner requested the appointment of counsel on February 26, 2009, only eight days after his state
14 habeas petition was denied. Additionally, since their appointment to the case, counsel has proceeded
15 in a expeditious and diligent manner, and states that they intend to file a protective petition on or
16 before February 18, 2010. (See Doc. No. 30-1 at 2.) Respondent asserts that Petitioner has not "made
17 a specific factual showing that they are unable to prepare a petition in the time remaining prior to the
18 expiration of the statute of limitations" and therefore this case does not warrant equitable tolling.
19 (Opp. at 7.) Petitioner maintains that "habeas counsel is obligated to complete as much pre-filing
20 investigation and fact development as possible, rather than rely primarily on post-filing discovery
21 proceedings to round out the claims," and therefore moves for equitable tolling in order to "develop
22 the claims to the extent possible without compulsory process, so that any post-filing discovery
23 requests are directed toward material not available to petitioner through publicly available sources."

---

[3] 18 U.S.C. § 3599 (which in 2005 recodified 21 U.S.C. § 848(q)) reads, in part, as follows:
(2)   In any post-conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

(Pet. Reply at 6) (emphasis in original).  The Court is persuaded that counsel should be afforded the opportunity to develop his federal claims, and the delay in the appointment of federal counsel, which was entirely beyond the control of Petitioner, severely obstructed his ability to file a complete federal habeas petition within the AEDPA limitations period.  Therefore, the Court finds that equitable tolling is warranted in this case.

In reaching this conclusion, the Court has also considered whether extending the limitations period would result in prejudice to Respondent.  Respondent makes no argument that he failed to receive notice of Petitioner's intention to seek federal habeas relief, or that his ability to defend the case has been prejudiced.  The Court notes that the California Attorney General's Office has previously stipulated to some measure of equitable tolling in several cases in this district where there was a delay in the appointment of federal counsel, which they presumably would have refused to do had it resulted in prejudice to the State.  See Ayala v. Wong, 01-cv-00741-BTM-AJB (S.D. Cal. January 17, 2002), Michaels v. Ornoski, 04-cv-00122-JAH-WMC (S.D. Cal. September 15, 2004), Box v. Ornoski, 04-cv-00619-DMS-RBB (S.D. Cal. November 22, 2004).  The Court concludes that Respondent will not be prejudiced by equitably tolling the statute of limitations in this case.

In considering the length of the tolling period to be granted, the Court notes that document and file review alone demands a significant investment of time.  In Petitioner's motion for equitable tolling, he states that "[w]hile counsel have made progress during the preceding fourteen weeks since appointment, considerable work remains, including fact investigation into third party culpability, demonstration of Petitioner's actual innocence, additional penalty mitigation, and further development of an *Atkins* claim regarding mental retardation."  (Doc. No. 30 at 9.)

At oral argument on February 12, 2010, counsel stated that they had met and attempted to reach an agreement on tolling to obviate the need for a hearing or court decision, but were unsuccessful.  Respondent reaffirmed their objection to a grant of equitable tolling, stating that for Petitioner to make such a request or for the Court to decide such a matter before the expiration of the statute of limitations is premature.[4]  Respondent also noted that there have been extensive state

---

[4] Respondent made this statement, unsupported by any additional argument or citation to authority, for the first time at the motion hearing.  However, the Court concludes that a decision on the instant motion is appropriate at the present time in light of the fact that the AEDPA deadline shall expire in less than a week.

1 proceedings in this case. Upon the Court's inquiry, Petitioner stated that they were currently at least 2 30 to 60 days away from completing the review of the core record in the case. Counsel stated that 3 while they were still working through a review of the trial record, counsel had reviewed 50 boxes of 4 materials in the case to date, including discovery and other additional files. Counsel stated they also 5 still needed to complete a review of the state habeas record, including the state habeas exhibits, some 6 of which they expect to include with the federal habeas petition. The Court acknowledges that other 7 avenues of investigation may become apparent during the completing of this review. Counsel also 8 stated that they were continuing in their investigation, and there are currently at least three additional 9 witnesses their investigator is trying to track down and interview. Counsel also noted that they are 10 pursuing mental health claims and it would take at least 90 days to complete Petitioner's mental health 11 evaluation.

12 Despite finding that some measure of equitable tolling is appropriate in this case, the Court 13 remains unpersuaded that 217 days of equitable tolling is warranted. If the Court were to grant 14 Petitioner's request in full, Petitioner would have an entire year after the appointment of counsel in 15 order to prepare his comprehensive federal petition, and the Court remains unconvinced that this 16 comports with congressional intent in enacting AEDPA or the Ninth Circuit's intent in approving 17 equitable tolling under <u>Beeler</u>.[5] However, based on counsel's estimates and the arguments presented 18 by both parties, the Court will grant equitable tolling up to and including September 1, 2010. Counsel 19 has stated that they are completing review of the record, plan to file a protective petition, and intend 20 to complete additional fact and mitigation investigation prior to drafting a comprehensive petition. 21 Therefore, in addition to the four months that counsel has been at work on this case, the Court finds 22 that just over 6 months of equitable tolling will allow counsel an opportunity to complete record 23 review, investigation, a mental health evaluation of Petitioner, and to file the habeas petition.

24

25

26 [5] Respondent also cites to the Patriot Act, which amended 28 U.S.C. § 2251, and now provides for a stay of execution of 90 days after either the appointment of federal habeas counsel or the withdrawal of an application for the appointment of counsel. Based on this, Respondent argues that "it is reasonable to conclude 27 that Congress did not intend to have federal habeas proceedings delayed more than 90 days after the appointment of counsel in order to allow appointed counsel to prepare and file a petition in federal court." 28 (Opp. at 8.) The Court does not believe this conclusion necessarily follows from the argument Respondent advances, and concludes that the statute does not impact the Court's decision on the length of equitable tolling warranted in this case.

Petitioner also moves for the Court to issue an Order prohibiting Respondent from filing a responsive pleading to the protective petition. (See Doc. No. 30 at 3.) However, Petitioner has not yet filed a protective petition, only signaling his intent to file one on or before February 18, 2010. (Id. at 8.) Moreover, Petitioner fails to offer any legal authority in support of this request, and the Court finds no legal grounds to preclude the Respondent from filing an answer or responsive pleading. Petitioner's request is **DENIED**.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's Motion for Equitable Tolling is **GRANTED**. Accordingly, the First Amended Petition for Writ of Habeas Corpus is due on or before **Wednesday, September 1, 2010.** Petitioner's Motion for an Order Prohibiting Respondent from Filing a Responsive Pleading in the interim is **DENIED**.

After the First Amended Petition is filed, the Court **ORDERS** the parties to confer and attempt to reach an agreement on which claims are unexhausted, and to discuss how to proceed in this matter. After conferring, the parties are ordered to file a Joint Statement on or before **Wednesday, September 15, 2010**, outlining the points of agreement, if any, and listing the issues that remain in contention. If necessary, the Court shall order briefing and/or oral argument to resolve any outstanding issues.

**IT IS SO ORDERED.**

DATED: February 16, 2010

_____
M. James Lorenz
United States District Court Judge